IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01029-BNB

PHILLIP KEVIN BUSH,

        Applicant,

v.

MICHAEL MILLER, Warden, Crowley County Correctional Facility,

        Respondent.

_____

ORDER OF DISMISSAL

_____

        Applicant, Phillip Kevin Bush, was in the custody of the Colorado Department of

Corrections (DOC) when this action was filed and has since been released on parole.

He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 on April 17, 2012.  He has paid the $5.00 filing fee.

        In an order filed on May 14, 2012, Magistrate Judge Boyd N. Boland directed the

Respondent to file a preliminary response to the Application asserting any procedural

defenses, such as the exhaustion of administrative remedies.  Respondent filed a

Preliminary Response on May 31, 2012.  (ECF No. 12).  Applicant was allowed to file a

Reply on or before June 26, 2012.  (See ECF No. 14).  The Minute Order granting

Applicant leave to file a Reply was returned to the Court because the street address that

Applicant filed with the Court does not exist.  (See ECF No. 16).

        Mr. Bush asserts in his Application that the DOC has unlawfully imposed a three-

year term of mandatory parole instead of the discretionary parole ordered by the

sentencing court.  He claims that the DOC has miscalculated his time computation and

seeks an order declaring that his sentence is discharged.

Respondent argues in the Preliminary Response that Applicant has not exhausted state court remedies for his claim challenging the execution of his sentence.

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Bush alleges in his Application that he has pursued administrative remedies through the DOC grievance procedure, but he does not allege any facts to show that he has exhausted his state court remedies. In addition, he has failed to prosecute this action by filing an incorrect address with the Court. *See* D.C.COLO.LCivR. 10.1M.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is denied and the action is dismissed without prejudice for Applicant's

failure to exhaust state court remedies and failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because

jurists of reason would not debate the correctness of this procedural ruling and

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  Mr. Bush may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this  11ᵗʰ  day of      July        , 2012.

BY THE COURT:


     s/Lewis T. Babcock
     LEWIS T. BABCOCK, Senior Judge
     United States District Court